UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JEFFERY L. WILFORD,

    Plaintiff,

v.                                          07-CV-3116

IDOC, ROGER WALKER,
STEVEN BRYANT,

    Defendants.

## Case Management Order #1

    Plaintiff alleges that Defendants failed to timely diagnose and fix his broken arm during his incarceration in Graham Correctional Center, necessitating an operation by a bone specialist involving Plaintiff's hip bone. Plaintiff filed this case after he was released from prison, so the Prison Litigation Reform Act does not apply.

    Plaintiff's petition to proceed *in forma pauperis* is granted (d/e 1). Plaintiff states an Eighth Amendment claim for deliberate indifference to his serious medical needs during his incarceration in Graham Correctional Center. However, the Court notes that Defendants Walker and Bryant, as laypersons, are generally entitled to rely on the treatment decisions of the medical professionals. *Greeno v. Daley,* 414 F.3d 645, 656 (7th Cir. 2005). Additionally, Walker and Bryant cannot be liable for the misconduct of their employees simply because Walker and Bryant are in charge. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001)(no respondeat superior liability). At this point Walker and Bryant will remain in the case for further factual development of these issues.

    The Illinois Department of Corrections will be dismissed because it cannot be sued under 42 U.S.C. § 1983. *Witte v. Wisconsin Dep't of Corrections*, 434 F.3d 1031, 1036 (7th Cir. 2006)(department of corrections is not a "person" who can be sued under § 1983).

    Plaintiff's motion for appointment of counsel is denied (d/e). Civil litigants have no federal right to appointed counsel. The district court may request appointment of counsel under 28 U.S.C. § 1915(e)(1), but cannot force an attorney to accept appointment. *Luttrell*, 129 F.3d at 936 (7th Cir.1997). To decide whether counsel should be requested, the court asks, "'[G]iven the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?'" *Zarnes*, 64 F.3d at 288. "Although a good lawyer may [do better than a *pro se* plaintiff], that is not the test, for if it was "'district judges would be required to request counsel for every indigent litigant.'" *Luttrell*, 129

F.3d at 936.

  Though this case involves the plaintiff's medical treatment, at this point it does not appear so complex that Plaintiff is incompetent to proceed pro se. The plaintiff should have documentation in his medical records of his broken arm and the treatment he received, along with the grievances he filed and the responses he received. He should also be able to describe personally what happened to him and the pain and disability he suffered. Further, Plaintiff's release from prison put him in much better stead than incarcerated inmates, as far as conducting discovery and seeking his own lawyer. Finally, the record at this point does not show enough factual merit to the allegations to warrant an inference that counsel might make a difference in the outcome. Plaintiff may renew his motion on a more developed factual record.

  IT IS THEREFORE ORDERED:

  1) The plaintiff's petition to proceed *in forma pauperis* is granted (d/e 1).

  2) This case is referred to the Magistrate Judge for the entry of a prisoner scheduling order, modified to reflect Plaintiff's release from prison.

  3) The Illinois Department of Corrections is dismissed.

  4) Plaintiff's motion for appointment of counsel is denied (d/e 2), with leave to renew.

  Entered this 14th Day of May, 2007.

                 s\Harold A. Baker
                HAROLD A. BAKER
               UNITED STATES DISTRICT JUDGE