UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JEFFERY L. WILFORD,

    Plaintiff,

v.                        07-CV-3116

IDOC, ROGER WALKER,
STEVEN BRYANT,

    Defendants.

## Case Management Order #2

    Plaintiff alleges that Defendants failed to timely diagnose and fix his broken arm during his incarceration in Graham Correctional Center, necessitating an operation by a bone specialist involving Plaintiff's hip bone. In its merit review order, the court found that Plaintiff stated an Eighth Amendment claim for deliberate indifference to his serious medical needs during his incarceration in Graham Correctional Center. (d/e 2). However, the Court noted that Defendants Walker and Bryant, as laypersons, were generally entitled to rely on the treatment decisions of the medical professionals. *Greeno v. Daley,* 414 F.3d 645, 656 (7th Cir. 2005). The court further noted that Walker and Bryant cannot be liable for the misconduct of their employees simply because Walker and Bryant are in charge. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001)(no respondeat superior liability).

    Defendants Walker and Bryant have filed a motion to dismiss, arguing that Plaintiff has pleaded himself out of court. Defendant Walker also argues that he must be dismissed because he is sued only under a *respondeat superior* theory of liability.

    To state a claim under federal notice pleading standards, all the Complaint must do is set forth a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv.*, Inc., 496 F.3d 773, 776-77 (7th Cir. 2007), *quoting Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007)(other citation omitted). However, the "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level . . . .'" Id., quoting Bell Atlantic, 127 S.Ct. at 1965, 1973 n. 14.

    Plaintiff's allegations regarding the medical treatment he did receive do not necessarily plead him out of court. Plaintiff's essential claim is that his arm was obviously broken, even to a layperson, but that no one did anything about it. The quantity of visits to medical professionals

is not dispositive. Deliberate indifference might be proved regardless of the number of visits, if Dr. Kayira's diagnosis at those visits was "a substantial departure from accepted professional judgment, practice, or standards as to demonstrate . . . [he] did not base the decision on such a judgment." *Estate of Cole v. Pardue*, 94 F.3d 254, 261-62 (7th Cir. 1996).

The court does agree, however, that Plaintiff states no claim against Defendant Walker. It is clear from Plaintiff's amended complaint and his response to the motion to dismiss that he is suing Walker for denying his grievance and because Walker is responsible for Plaintiff's well-being. "The doctrine of respondeat superior can not be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). "Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable . . . . the supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Jones v. City of Chicago*, 856 F.2d 985, 992-93 (7th Cir. 1988)(citations omitted). No reasonable inference arises that Walker had personal knowledge of Plaintiff's allegedly obviously bowed arm. He cannot be held liable under § 1983 simply because he is in charge.

Defendant Bryant, however, stays in at this point. Even though Bryant is a layperson, Plaintiff asserts that Bryant had personal knowledge of Plaintiff's broken arm because Plaintiff showed it to him several times–the arm allegedly obviously deformed even to a layperson. Though it is likely that Bryant was entitled to rely on Dr. Kayira's diagnosis, it would be premature to determine that at this stage. *See Bond v. Aguinaldo*, 228 F. Supp. 2d 918, 920 (N.D. Ill 2002)("Except in the unusual case where it would be evident to a layperson that a prisoner is receiving inadequate or inappropriate treatment, prison officials may reasonably rely on the judgment of medical professionals.")(other citations omitted).

The court notes that Plaintiff's amended complaint names a "John Doe x-ray technician." Service cannot be had on "Doe" defendants. Plaintiff must timely discover and identify John Doe's name and current work address before he can be served. If Plaintiff's discovery efforts to the current defendants regarding John Doe's identity are unsuccessful, he may file a motion to compel the information with the court. However, the motion to compel must set forth what efforts Plaintiff made to discover this information on his own, and include copies of his discovery requests and the Defendants' response. Failure to identify John Doe by January 2, 2007, will result in John Doe's dismissal from this case.

IT IS THEREFORE ORDERED:

1) The motion to dismiss by Defendants Walker and Bryant is granted in part and denied in part (d/e 15). Defendant Walker is dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim against him. Defendant Bryant remains in the case at this point.

2) By January 2, 2008, Plaintiff must identify the name and current work address for his John Doe defendant. Failure to do so will result in John Doe's dismissal.

3) The court notes that the litigation coordinator at Graham Correctional Center has apparently informed the clerk that Dr. Kayira has signed a waiver of service, but that waiver has not yet been returned and Dr. Kayira has not appeared. If Dr. Kayira does not file an Answer or other responsive pleading by December 6, 2007, the clerk is directed to prepare forms for personal service on Dr. Kayira and to forward those forms to the U.S. Marshals for service, costs of service to be imposed on Dr. Kayira to the extent allowed under Fed. R. Civ. P. 4.

4) The clerk is directed to mail a copy of this order to the litigation coordinator at Graham.

5) Plaintiff shall disclose expert witnesses and expert testimony pursuant to the requirements of Fed. R. Civ. P. 26(a)(2) by February 1, 2008.

6) The defendants shall disclose expert witnesses and expert testimony pursuant to the requirements of Fed. R. Civ. P. 26(a)(2) by March 3, 2008.

7) Discovery closes April 1, 2008. The plaintiff's incarceration limits him to written discovery. Written discovery must be served on a party at least 30 days before the discovery deadline. Discovery requests are not filed with the court, unless there is a dispute regarding such discovery. *See* CDIL-LR 26.3. Motions to compel discovery must be accompanied by the relevant portions of the discovery request and the response. Additionally, except for good cause shown, motions to compel must be filed within 14 days of receiving an unsatisfactory response to a timely discovery request.

8) Dispositive motions are due May 2, 2008. Final pretrial and trial dates will be set after a ruling on dispositive motions.

9) Plaintiff's motion to continue is denied as moot (d/e 13).

Entered this 16th Day of November, 2007.

s\Harold A. Baker

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE